UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENT B. GRADDY, Sr., | No. 2:14-cv-0901 KJM AC P (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| D. DING | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with an action filed pursuant to 42 U.S.C. § 1983.  By order filed November 21, 2014, plaintiff's complaint was dismissed with leave to file an amended complaint.  Plaintiff has now filed an amended complaint and a motion to proceed in forma pauperis.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

The court is required to screen complaints brought by prisoners who seek relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

////

1        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

        When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff.  See <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief must have facial plausibility.  <u>Twombly</u>, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556 U.S. at 678.  Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim.  <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

        Plaintiff's original complaint and exhibits alleged that correctional officers at Mule Creek State Prison (MCSP), where the plaintiff was housed at the time, violated the plaintiff's constitutional right to practice his religion.  In screening out the original complaint, the court explained that, to the extent the plaintiff was challenging an institutional policy at MCSP, the plaintiff's claim for damages and injunctive relief is barred under the Religious Land Use and Institutionalized Persons Act (RLIUPA), 42 U.S.C. §§ 2000cc, <u>et seq.</u>  (See Order (ECF No. 8) at

4-5.)  The court further outlined the legal requirements for alleging a viable cause of action for violation of the First Amendment under the Civil Rights Act, 42 U.S.C. § 1983.  (See id. at 5-6.) The court gave plaintiff "leave to file an amended complaint and restate his damages claim under the First Amendment's Free Exercise Clause and § 1983." Id. at 6.

The amended complaint is far too short on factual detail to pass the screening test described in the court's initial screening order and re-stated above.  Again, it is not enough to declare that one's constitutional rights have been violated and leave it at that.  Instead, plaintiff must say not only who committed the alleged violation but also how they did it, where they did it, when they did it and what effect it had on plaintiff.

Furthermore, if plaintiff intends to allege that a prison warden or other supervisory official is responsible for violating his constitutional right to worship, he must describe some affirmative link or connection between that defendant's (indeed, every defendant's) specific actions and the alleged violation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).  It is well established that a state official in a supervisory position cannot be held individually liable in a civil rights action for the constitutional violations of a subordinate.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).  To state a claim against a supervisor, a plaintiff must aver some specific causal connection between the supervisor's conduct and the violation.  See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.1991).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).

The court will give plaintiff a final opportunity to file an amended complaint that satisfies the screening and pleading requirements explained in this order and in the order of November 21, 2014.  The court admonishes plaintiff especially to pay close attention to the pleading requirements stated in the paragraph immediately above.  Furthermore, the court repeats that under Local Rule 220 plaintiff may not rely on either of the two complaints he has already filed with court.  The second amended complaint will supersede the original complaint as well as the first amended complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Therefore the

1  second amended complaint must be complete in itself without reference to any prior pleading, and
2  each claim and the involvement of each defendant must be sufficiently alleged.

3  Finally, plaintiff is informed that failure to file a second amended complaint or otherwise
4  respond to this order within thirty days will result in a recommendation of dismissal pursuant to
5  Federal Rule of Civil Procedure 41(b) and Local Rule 110.  Likewise, failure to meet the pleading
6  requirements described in this order and the order of November 21, 2014, may result in a
7  recommendation of dismissal.

8  Accordingly, IT IS HEREBY ORDERED that:

9  1. Plaintiff's motion to proceed in forma pauperis (ECF No. 11) is granted.

10  2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees
11  shall be collected and paid in accordance with this court's order to the Director of the California
12  Department of Corrections and Rehabilitation filed concurrently herewith.

13  3. Plaintiff's complaint is dismissed.

14  4. Plaintiff is granted thirty days from the date of service of this order to file an amended
15  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
16  Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number
17  assigned this case and must be labeled "Second Amended Complaint."  Plaintiff must file an
18  original and two copies of the amended complaint.  Failure to file a second amended complaint in
19  accordance with this order will result in a recommendation that this action be dismissed.

20  DATED: January 8, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE